UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHUL SHAH, M.D., *assignee of*
*Karyn G.*,

     Plaintiff,

     v.

WELLMARK BLUE CROSS BLUE
SHIELD,

     Defendant.

HONORABLE NOEL L. HILLMAN

CIVIL ACTION NO. 16-2397

**OPINION**

**APPEARANCES:**

CALLAGY LAW, P.C.
By:  Samuel S. Salman, Esq.
    Michael Gottlieb, Esq.
650 From Road, Suite 565
Paramus, New Jersey 07652
       Counsel for Plaintiff

BECKER LLC
By:  Michael E. Holzapfel, Esq.
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, New Jersey 07702
       Counsel for Defendant

**HILLMAN**, United States District Judge:

This is one of many ERISA suits[1] filed by Plaintiff Dr. Rahul

Shah, as purported assignee of his individual patients, against his

---

[1] The Court has federal question subject matter jurisdiction
pursuant 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to
28 U.S.C. § 1367.

patients' various insurance companies.[2]  In each suit, Dr. Shah

asserts that the insurance companies wrongfully denied requests for

payment of benefits under the patients' health insurance policies,

and consequently, Dr. Shah's bills for services were not paid, or

not fully paid.

Presently before the Court is Defendant Wellmark Blue Cross

Blue Shield's Motion to Dismiss the Amended Complaint pursuant to

Fed. R. Civ. P. 12(b)(1)(standing), 12(b)(3) (improper venue), and

12(b)(6)(failure to state a claim).  For the reasons stated herein,

the motion will be granted to the extent that it seeks dismissal for

improper venue based on the forum selection clause in the applicable

plan document.

## I.

On July 15, 2013, Dr. Shah allegedly performed back surgery on

Karyn G. (Amend. Compl. ¶ 4-6; and Ex. A)  He alleges all services

were medically necessary and reasonable (Id. at ¶ 4-5), yet Karyn

G.'s health insurance company, Defendant Wellmark Blue Cross and

Blue Shield, allegedly underpaid the claim by $114,704.07. (Amend.

---

[2]  In addition to this case, three other such suits are pending
before the undersigned, *Shah v. Horizon Blue Cross Blue Shield of
New Jersey*, Docket No. 17-cv-0632, *Shah v. Blue Cross Blue Shield of
Michigan*, Docket No. 17-0711, *Shah v. Horizon Blue Cross Blue Shield
of New Jersey*, Docket No. 16-2397, and a fourth was dismissed by
stipulation of the parties, *Shah v. Horizon Blue Cross Blue Shield
of New Jersey*, Docket No. 16-2495.  The Court's records reflect 12
other open cases in this District.

Compl. ¶ 16) Dr. Shah further alleges that he obtained an assignment of benefits from Karyn G. (Amend. Compl. ¶ 7)

It is undisputed that the applicable ERISA plan contains a forum selection clause: "To the extent not superseded by the laws of the United States, the group health plan will be construed in accordance with and governed by the laws of the state of Iowa. Any action brought because of a claim under this plan will be litigated in the state or federal courts located in the state of Iowa and in no other." (VonHagel Cert. Ex. A, p. 103)

The Amended Complaint asserts four claims: breach of contract; denial of benefits in violation of § 1132(a)(1)(B); breach of fiduciary duty in violation of § 1132(a)(3)(B); and failure to maintain a reasonable claims process pursuant to 29 C.F.R. 2560.503-1.

## II.

Mandatory forum selection clauses are entitled to a presumption of enforceability. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, (1972). The presumption can be overcome upon a demonstration of "extraordinary circumstances unrelated to the convenience of the parties" that clearly disfavor a transfer or dismissal. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx.*, 134 S. Ct. 568, 581 (2013).

### III.

In opposition to Wellmark's argument that the forum selection clause should be enforced, Plaintiff asserts that the forum selection clause is unenforceable because it contravenes the "strong public policy of ERISA" which according to Plaintiff, favors honoring a participant's choice to pursue his claims in his home venue. (Opposition brief, p. 10)

While Plaintiff cites authority that arguably supports his argument, *see Dumont v. PepsiCo*, 192 F. Supp. 3d 209 (D. Me. 2016), the clear weight of authority rejects Plaintiff's argument. *See Smith v. Aegon Companies Pension Plan,* 769 F.3d 922, 931 (6th Cir. 2014)("A majority of courts that have considered this question have upheld the validity of venue selection clauses in ERISA-governed plans.")(collecting cases), *cert. denied by* 136 S.Ct. 791 (2016); *Mathias v. Caterpillar, Inc.*, 2016 U.S. Dist. LEXIS 115314 at *17-18 (E.D. Pa. Aug. 29, 2016)(following *Smith*); *Feather v. SSM Health Care*, 2016 U.S. Dist. LEXIS 147558 at *12 (S.D. Ill. Oct. 25, 2016)(following *Smith* and declining to follow *Dumont*, stating that *Dumont* is an "outlier" that "other courts have declined to follow").[3]

Admittedly, there is room for disagreement on this issue. *See Smith*, 769 F.3d at 934 (Clay, Circuit Judge, dissenting); *Dumont*, 192 F. Supp. 3d at 221 ("I conclude that enforcement of the forum

---

[3]  Even *Dumont* acknowledged that "[t]he majority of district courts to address the issue have . . . held that forum selection clauses are permissible in the ERISA plan context." 192 F. Supp. 3d at 212.

selection clause would run afoul of the strong ERISA public policy

in favor of ready access to the federal courts."). Absent binding

precedent or other clear direction from the Court of Appeals for the

Third Circuit, this Court adopts the reasoning and holding of *Smith,*

769 F.3d 922, 931 (6th Cir. 2014), *cert. denied by* 136 S.Ct. 791

(2016) and holds that the forum selection clause in this case is

enforceable. Accordingly, Wellmark's Motion to Dismiss for improper

venue will be granted.[4]

In light of the disposition of the venue issue, the Court need

not address the other arguments raised by Wellmark in support of its

Motion to Dismiss.

**IV.**

For the reasons set forth above, the Motion to Dismiss will be

granted.

An appropriate Order accompanies this Opinion.

Dated: March 30, 2017
At Camden, New Jersey                          ___s/ Noel L. Hillman ___
                                               **Noel L. Hillman, U.S.D.J.**

---

[4]  The Court will dismiss, rather than transfer this suit, because
dismissal is the relief requested by Wellmark and Plaintiff has not
requested alternative relief. *See Salovaara v. Jackson Nat'l Life
Ins. Co.,* 246 F.3d 289, 300 (3d Cir. 2001)("we conclude that the
District Court was not required to treat Lazard's motion for
dismissal as a motion for transfer simply because the forum
selection clause specified that suit be brought in either a federal
or a state forum.").